BRYAN CAVE LLP
Marcy J. Bergman, California Bar No. 75826
Stephanie A. Blazewicz, California Bar No. 240359
Haley T. Albertine, California Bar No. 286946
560 Mission Street, 25th Floor
San Francisco, CA 94105
Telephone:   (415) 675-3400
Facsimile:   (415) 675-3600
Email:   marcy.bergman@bryancave.com
         stephanie.blazewicz@bryancave.com
         haley.albertine@bryancave.com

Attorneys for Plaintiff
AIRWAIR INTERNATIONAL LTD.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIRWAIR INTERNATIONAL LTD., a company of the United Kingdom,<br><br>Plaintiff,<br><br>vs.<br><br>UNIVERSALITY & CHANGE LIMITED PARTNERSHIP D/B/A 24 FOOTWEAR, a company of Japan; ESH INTERNATIONAL, INC., a California corporation; and DOES 1-50,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR**<br><br>**(1)   FEDERAL TRADEMARK INFRINGEMENT**<br>**(2)   FEDERAL FALSE DESIGNATION OF ORIGIN**<br>**(3)   TRADEMARK DILUTION**<br>**(4)   CALIFORNIA STATUTORY UNFAIR COMPETITION**<br>**(5)   COMMON LAW UNFAIR COMPETITION**<br>**(6)   CALIFORNIA STATUTORY TRADEMARK DILUTION**<br><br>**DEMAND FOR JURY TRIAL** |

1. Plaintiff AirWair International Ltd. is a wholly owned subsidiary of R. Griggs Group Ltd. and is engaged in the design, manufacture, marketing and sale of Dr. Martens® footwear (AirWair International Ltd. and R. Griggs Group Ltd. are referred to collectively hereafter as "AirWair"). AirWair International Ltd. and its parent company, R. Griggs Group Ltd., are companies of the United Kingdom, located and doing business at Cobbs Lane, Wollaston, Wellingborough, Northamptonshire, NN29 7SW, United Kingdom.

2. On information and belief, defendant Universality & Change Limited Partnership d/b/a 24 Footwear ("24 Footwear") is a Japanese business entity of unknown form, with its principal place of business at Jingumae, Shibuya-ku, Tokyo 150-0001, Japan.

3. 24 Footwear markets, distributes and sells clothing and footwear products in the United States and within this District through its website www.24footwear.com and retailers including Urban Outfitters, Nasty Gal, ModCloth, Fab, and Amazon. 24 Footwear's footwear products are the subject matter of this action.

4. On information and belief, 24 Footwear imports footwear manufactured in China into the United States. AirWair is without information or belief as to which manufacturer supplied the infringing footwear that is the subject of this action.

5. On information and belief, defendant Esh International, Inc. ("Esh International") is a California corporation with its principal place of business at 7708 Melrose Avenue, Los Angeles, California 90046.

6. On information and belief, Esh International imports footwear products into the United States, which are sold through retailers including B by Aperire, also located at 7708 Melrose Avenue, Los Angeles, California 90046.

7. Defendants sued as DOES 1 through 50 are persons or entities whose identities are not yet known to AirWair ("Doe Defendants"). AirWair will seek leave of Court to substitute their true names when they become known.

**JURISDICTION AND VENUE**

8. This Court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a), in that this case arises under the trademark laws of the United States, 15 U.S.C. §§ 1051

et seq.

9. This Court has pendant jurisdiction under 28 U.S.C. § 1338(b), in that this case arises under claims joined with a substantial and related claim under the trademark laws of the United States.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendants 24 Footwear and Esh International (hereinafter, "Defendants") conduct business within this District and have engaged in, and continue to engage in, acts of advertising and offering services and retail goods and products to consumers located within this District.

## FACTUAL ALLEGATIONS

11. AirWair is headquartered in the village of Wollaston, England and, through its predecessor company, has manufactured footwear since 1901. AirWair has been manufacturing and marketing Dr. Martens® footwear since 1960.

12. Since as early as 1984, AirWair has marketed and sold Dr. Martens boots, shoes and sandals in the United States using a distinctive trade dress that features yellow stitching in the welt area of the sole and a two-tone grooved sole edge. Dr. Martens classic style boots also include a fabric heel tab. AirWair has also used a distinctive undersole design consisting of a unique horizontal grid pattern known as the "DMS undersole pattern" on its Dr. Martens footwear. These features will be referred to collectively hereafter as the "Trade Dress."

13. Dr. Martens footwear is widely recognized and extremely popular and has achieved recognition as ranking among the world's greatest and most recognizable brands. The distinctive Trade Dress of its iconic boots and shoes has been used by the company since 1960 and is world famous. Over the past 30 years, millions of pairs of shoes, boots and sandals with the distinctive Trade Dress have been sold in the United States.

14. AirWair holds many registrations for its Trade Dress throughout the world including the following registrations in the United States Patent and Trademark Office:

- "the combination of yellow stitching in the welt area and a two-tone grooved sole edge" (Reg. No. 2,437,751, attached as **Exhibit 1**);
- the yellow "welt stitch located around the perimeter of footwear" (Reg. No. 2,437,750, attached as **Exhibit 2**);

SF01DOCS\155046.2.3                                  3                              CASE NO. _____
                                              COMPLAINT

- its DMS undersole design mark (Reg. No. 2,102,468, attached as **Exhibit 3**, the "DMS Design Mark");

- "the design of an [*sic*] sole edge including longitudinal ribbing, and a dark color band over a light color" (Reg. No. 2,104,349, attached as **Exhibit 4**); and

- "longitudinal ribbing and a dark color band over a light color on the outer sole edge, welt stitching, and a tab at the top back heel of footwear" (Reg. No. 2,341,976, attached as **Exhibit 5**).

All of the above trademarks ("Trademarks") and the trade dress of Dr. Martens footwear ("Trade Dress") have been in use for over 50 years, and have been used in the United States since 1984.

15. AirWair has filed declarations of continued use under Sections 8 and 15 of the Lanham Act and the trademark registrations referenced in Exhibits 1, 2, and 3 have become incontestable.

16. In 2010, AirWair celebrated the 50th anniversary of its classic Dr. Martens footwear with its distinctive Trade Dress including yellow welt stitching, two-tone grooved sole edge and the DMS Design mark. Examples of classic Dr. Martens footwear, including the iconic 1460 boot, 1461 Gibson, and DMS undersole are shown below.



17. The distinctive Dr. Martens Trade Dress and each of the distinctive elements thereof are distinctive or have acquired distinctiveness, and are non-functional.

18. AirWair is informed and believes that Defendants have in the past and continue to manufacture, market, distribute and sell boots and shoes that are confusingly similar to and which unlawfully copy the distinctive Dr. Martens Trade Dress and various distinctive features of Dr. Martens footwear in violation of its rights. The infringing styles manufactured, imported marketed and sold by Defendants includes, without limitation, the "Yozakura," "Confetti," "Army Jane," "Chaindenim," "Mirrorball," "Wildfowl," "Waterfowl," "Stripy," "Saloon," "Polka," "Snow," and "Sugar" style names, which are marketed and sold under the brand name "24 Footwear" or "24" (the "Infringing Footwear"). Images of the Infringing Footwear offered for sale and sold through 24 Footwear's website www.24footwear.com and other U.S. retailers are attached hereto as **Exhibit 6**.

19. The Infringing Footwear unlawfully copies and uses the distinctive Dr. Martens Trade Dress and distinctive features of Dr. Martens footwear, including contrasting color welt stitching, a two-tone grooved sole edge, and the DMS undersole pattern. The overall configuration and appearance of the Infringing Footwear is virtually identical to the iconic Dr. Martens 1460 boot and the DMS undersole pattern, as shown below, and is likely to cause confusion as to the source, sponsorship or origin of the Infringing Footwear:

*[The balance of this page is intentionally left blank.]*




**Genuine Dr. Martens® 1460 Boot**     **24 Footwear "Mirrorball" Boot**




**Genuine Dr. Martens® 1460 Undersole**     **24 Footwear "Mirrorball" Undersole**



**24 Footwear "Mirrorball" Boot Stitching and Sole Edge**

20. The Infringing Footwear is offered for sale, advertised and promoted in the United States, including in this District, through the website www.24footwear.com and retailers including Urban Outfitters, Nasty Gal, ModCloth, Fab, Amazon, and B by Aperire.

21. On information and belief, the Infringing Footwear is imported into the United States from factories in China by Esh International and sold at 24 Footwear's U.S. brick and mortar store, "B by Aperire," located at 7708 Melrose Avenue, Los Angeles, California 90046, which is also the principal place of business of Esh International.

22. The infringing footwear is regularly sold in California and in the Northern District of California. True and correct images of Infringing Footwear purchased at www.nastygal.com and a receipt from the purchase thereof are attached hereto as **Exhibit 7** and **Exhibit 8**, respectively.

23. Defendants' offering for sale and sale of the Infringing Footwear is likely to cause and/or has caused confusion between AirWair's footwear and Defendants' footwear.

24. Defendants' conduct in copying AirWair's Trademarks and Trade Dress has been systematic and deliberate. Defendants have copied the Trademarks, Trade Dress, and the overall style and configuration of Dr. Martens boots and shoes as closely as possible in a deliberate and calculated attempt to trade upon the popularity and distinctive appearance and design of Dr. Martens footwear.

25. By reason of Defendants' acts, AirWair has suffered and will continue to suffer damage to its business, reputation and goodwill, and the loss of sales and profits AirWair would have realized but for Defendants' acts. Unless restrained and enjoined, Defendants will continue to engage in the acts complained of and irreparably damage AirWair. AirWair's remedy at law is not adequate to compensate AirWair for all the resulting injuries arising from Defendants' actions.

*[The balance of this page is intentionally left blank.]*

## FIRST CLAIM FOR RELIEF

### (Trademark Infringement in Violation of Lanham Act Section 32, 15 U.S.C. Section 1114)

26. AirWair realleges and incorporates by reference paragraphs 1 through 25 of this Complaint.

27. Defendants have, on or in connection with footwear products, used in commerce subject to regulation by the U.S. Congress, a reproduction, counterfeit, copy or colorable imitation of AirWair's Trademarks and Trade Dress in connection with the sale, offering for sale, distribution, and/or advertising of goods and services, which use is likely to cause confusion, or to cause mistake, or to deceive.

28. Defendants have, on or in connection with footwear products, reproduced, counterfeited, copied and/or imitated AirWair's Trademarks and Trade Dress and have applied such reproduction, counterfeit, copy and/or colorable imitations to signs, displays, advertisements, promotional materials, packaging, website content, and other materials used in commerce in connection with the sale, offering for sale, distribution, or advertising of goods and services, which use is likely to cause confusion, or to cause mistake, or to deceive.

29. Defendants are acting and have acted with knowledge that their Infringing Footwear unlawfully copy and use AirWair's Trademarks and Trade Dress and are counterfeits, and such imitation is intended to cause confusion, or to cause mistake, or to deceive.

30. Defendants' acts are in violation of 15 U.S.C. § 1114, and AirWair has been and is likely to be damaged by these acts.

## SECOND CLAIM FOR RELIEF

### (Federal Unfair Competition and False Designation of Origin in Violation of Lanham Act Section 43(a), 15 U.S.C. § 1125(a))

31. AirWair realleges and incorporates herein by reference paragraphs 1 through 30 of this Complaint.

32. Defendants' unlawful copying and use of AirWair's Trademarks and Trade Dress in connection with the Infringing Footwear is a false and misleading designation of origin and a

false and misleading representation of facts, which:

(a) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with AirWair, or as to the origin, sponsorship, or approval of Defendants' goods or commercial activities by AirWair; and/or

(b) in commercial advertising or promotion, misrepresent the nature, characteristics, or qualities of Defendants' goods, services, or commercial activities.

33. Defendants' acts are in violation of 15 U.S.C. § 1125(a), and AirWair has been and is likely to be damaged by these acts.

### THIRD CLAIM FOR RELIEF

(Federal Trademark Dilution in Violation of

Lanham Act Section 43(c), 15 U.S.C. § 1125(c))

34. AirWair realleges and incorporates herein by reference paragraphs 1 through 33 of this Complaint.

35. AirWair's Trade Dress is distinctive and famous in the United States. Defendants have used and are using trade dress on their footwear products which is substantially indistinguishable from AirWair's Trademarks and Trade Dress, after AirWair's marks became famous.

36. On information and belief, Defendants acted with knowledge of the fame and reputation of the Dr. Martens Trade Dress Marks with the purpose of usurping such rights and to willfully and intentionally confuse, mislead, and deceive members of the public.

37. Defendants' actions have and are likely to dilute, blur and tarnish the distinctive quality of the Trade Dress Marks, and lessen the capacity of AirWair's marks to identify and distinguish the company's products.

38. Defendants' acts are in violation of 15 U.S.C. § 1125(c), and AirWair has been and is likely to be damaged by these acts. Unless Defendants are restrained, AirWair will continue to suffer damages and injury to its reputation and goodwill.

39. Because Defendants acted willfully and intentionally to trade on AirWair's

reputation and/or cause dilution of AirWair's famous Trade Dress, AirWair is entitled to damages, extraordinary damages, fees and costs pursuant to 15 U.S.C. § 1125(c)(2).

### FOURTH CLAIM FOR RELIEF

### (Unfair Competition in Violation of California Business & Professions Code Section 17200, et seq.)

40. AirWair realleges and incorporates herein by reference paragraphs 1 through 39 of this Complaint.

41. Defendants' acts including the unlawful use and imitation of AirWair's Trademarks and Trade Dress in connection with the manufacture, marketing, distribution and sale of footwear products constitutes an unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising, in violation of California Business and Professions Code §§ 17200, et seq.

42. Defendants' pattern and practice of imitating AirWair's Trademarks and Trade Dress in connection with the Infringing Footwear, and of trading upon AirWair's goodwill and reputation, constitutes an unfair business practice in violation of California Business and Professions Code §§ 17200, et seq.

43. Defendants' conduct was willful, and AirWair has been and is likely to be damaged by these acts.

### FIFTH CLAIM FOR RELIEF

### (Common Law Unfair Competition)

44. AirWair realleges and incorporates by reference paragraphs 1 through 43 of this Complaint.

45. Defendants' use and imitation of AirWair's Trademarks and Trade Dress and the combination of its style features in footwear constitutes infringement, copying, imitation, and misappropriation of AirWair's intellectual property, unjust enrichment of Defendants, and unfair competition with AirWair in violation of AirWair's rights under the common law of the State of California and other states of the United States.

46. Defendants' willful acts of misrepresentation, fraud and deceit have unjustly

enriched Defendants and violated AirWair's rights.

## SIXTH CLAIM FOR RELIEF

### (Dilution in Violation of California Business & Professions Code Section 14330, et seq.)

47. AirWair realleges and incorporates by reference paragraphs 1 through 46 of this Complaint.

48. Defendants have, in connection with its footwear products, used a trade dress that is substantially identical to AirWair's Trademarks and Trade Dress and has caused a dilution of the distinctive quality of AirWair's footwear products and its Trade Dress Marks and the goodwill represented thereby.

49. AirWair's Trade Dress Marks have become famous, and Defendants have used and are using a trade dress that is substantially identical to AirWair's marks, after AirWair's marks became famous.

50. Defendants' actions have diluted, blurred and tarnished the strong and positive associations represented by AirWair's Trade Dress Marks, by lessening the capacity of AirWair's marks to identify and distinguish AirWair's products, and by causing AirWair's products and marks to be associated with footwear not made, sponsored or approved by AirWair.

51. Defendants' acts are in violation of California Business & Professions Code sections 14330, et seq., and AirWair has been and is likely to be damaged by these acts.

## PRAYER FOR RELIEF

Wherefore, AirWair prays for judgment in its favor and against Defendants:

A. A preliminary and permanent injunction enjoining Defendants, their officers, shareholders, agents, servants, employees, attorneys, successors and assigns, suppliers, manufacturers, distributors, business partners, e-tailers, retailers, and those in privity with them, and those persons in active concert or participation with any of them who receive actual notice of the judgment by personal service or otherwise, from manufacturing, marketing, distributing or selling the Infringing Footwear or any other footwear products that use, imitate or copy any of AirWair's Trademarks and Trade Dress, as illustrated in Exhibits 1–5, or any combination of

BRYAN CAVE LLP
560 MISSION STREET, SUITE 2500
SAN FRANCISCO, CALIFORNIA 94105

1 | them.

2 |     B.    An Order directing Defendants to file with this Court and serve on AirWair's counsel within 30 days after service of an injunction, a report under oath setting forth in detail the manner and form in which Defendants have complied with the injunction.

    C.    An Order that (1) all point-of-sale materials, labels, signs, boxes, prints, catalogs, line sheets, marketing materials, internet web pages, metatags, packages, papers, other trade dress, and advertisements in the possession or control of Defendants bearing images, illustrations, or representations of the enjoined footwear, Trade Dress, Dr. Martens® name, and undersole patterns, and all plates, molds, matrixes, and other means of making the same, be delivered to AirWair's counsel or destroyed in accordance with written instructions from AirWair; (2) that Defendants disclose the identities of the vendors, manufacturers, distributors, suppliers, retailers and etailers of the Infringing Footwear, sole molds, and undersole; (3) all footwear bearing any of the Trade Dress features identified in Exhibits 1–5 hereto be delivered to AirWair or destroyed in accordance with written instructions from AirWair; and (4) all internet advertising, including keywords, adwords, metatags, sponsored ads, links, and other advertising that uses or refers to Dr. Martens, DOCS, DMs, or any version of the Trademarks and Trade Dress be immediately discontinued and removed from operation or view.

    D.    An accounting for Defendants' profits arising from Defendants' unfair competition and trademark infringement and an award of Defendants' profits to AirWair, including disclosure of the number of pairs of Infringing Footwear sold in the United States and internationally and an accounting for the gross revenue derived from sale of the Infringing Footwear.

    E.    An award of damages sustained by AirWair.

    F.    In the alternative to actual damages and profits, an award of statutory damages in an amount of not more than $1,000,000 per counterfeit mark per type of services and/or goods sold or offered for sale by Defendants.

    G.    An award of treble the actual damages awarded.

    H.    Pre-judgment and post-judgment interest on the above damage awards.

    I.    An award of costs and reasonable attorney's fees and expenses incurred by AirWair

in connection with this action.

J. Such other and further relief which this Court may deem just.

**DEMAND FOR JURY TRIAL**

AirWair hereby demands a trial by jury.

Dated: December 30, 2013      **BRYAN CAVE LLP**

By: */s/ Stephanie A. Blazewicz*
Marcy J. Bergman
Stephanie A. Blazewicz
Haley T. Albertine
Attorneys for Plaintiff
AIRWAIR INTERNATIONAL LTD.

BRYAN CAVE LLP
560 MISSION STREET, SUITE 2500
SAN FRANCISCO, CALIFORNIA 94105